IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 FEB 19 AM 9: 20

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ KKC
         DEPUTY

DANIEL MICHELE TECLE, A.K.A.,
GHERENKIEL MICHELE TECLE,,
           Plaintiff,

-vs-                                      Case No. A-13-CA-877-SS

DEPARTMENT OF HOMELAND SECURITY,
ET. AL,,
           Defendant.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants' Motion to Dismiss [#7]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Plaintiff Daniel Michele Tecle filed a United States Citizenship and Immigration Services (USCIS) Form N-600 Application for Certificate of Citizenship on August 8, 2012. The San Antonio USCIS Field Office interviewed Tecle concerning his application on June 5, 2013. On September 18, 2013, USCIS denied Tecle's application, finding he did not derive citizenship through the naturalization of his United States citizen mother pursuant to the former Immigration and Nationality Act (INA) § 321(a), 8 U.S.C. § 1432(a) (effective through February 27, 2001).

On October 3, 2013, Tecle filed the instant action requesting the Court adjudicate his Form N-600 Application for Certificate of Citizenship pursuant to 8 U.S.C. § 1447(b). On November 5, 2013, following proof of non-receipt due to a mailing error, USCIS reissued its September 18, 2013,

decision denying Tecle's application. On December 6, 2013, Tecle filed with the San Antonio USCIS Field Office a Form I-290B Motion to Reconsider the denial of his application for a certificate of citizenship. Tecle's motion to reconsider is currently under consideration by the San Antonio USCIS Field Office. Tecle, however, failed to file a Form I-290B Appeal of the November 5, 2013, denial of his application for a certificate of citizenship pursuant to 8 C.F.R. § 103.3(a)(2), and therefore USCIS's decision denying his application for a certificate of citizenship is the final administrative decision of USCIS, provided reopening is not granted.

## Analysis

As an initial matter, the Court notes Tecle has failed to respond to Defendants' Motion to Dismiss, filed on December 23, 2013, and therefore the Court grants Defendants' motion as unopposed. *See* Local Rule CV-7(e)(2). Nevertheless, the Court briefly addresses the merits of the motion.

### I. Legal Standards

#### A. Federal Rule of Civil Procedure 12(b)(1)

Because federal courts have limited jurisdiction, a court must dismiss any case if it lacks subject-matter jurisdiction over the claims. FED. R. CIV. P. 12(b)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A party seeking to invoke federal jurisdiction bears the burden of demonstrating the exercise of that jurisdiction is proper. *Rivera-Sanchez v. Reno*, 198 F.3d 545, 546 (5th Cir. 1999). The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A facial attack on a complaint requires the court to evaluate whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction,

and the allegations in the complaint are to be taken as true; however, "a factual attack challenges the existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, may be considered." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

**B.     Mootness**

The United States Constitution limits this Court's jurisdiction to the adjudication of actual cases and controversies. *See* U.S. CONST., art. III, § 2, cl. 1. The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires an actual, ongoing controversy exist at all stages of federal court proceedings. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" of the litigation. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). In other words, if events subsequent to the filing of the case resolve the parties' dispute, the case must be dismissed as moot because federal courts do not have the constitutional authority to decide moot cases. *Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978). Mootness arguments may be pressed "by any party at any time; if the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction." *Id.* (citing *N.C. v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Bd. of Pub. Instruction*, 499 F.2d 359, 363–364 (5th Cir. 1974)). Accordingly, it is appropriate to consider mootness challenges as challenges to a court's subject-matter jurisdiction, and the proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) . . . .").

C.   **Federal Mandamus Statute**

The federal mandamus statute provides district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). To obtain this writ, a plaintiff needs to establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citation omitted).

II.  **Application**

In his complaint, Tecle requests the Court adjudicate his application "as prescribed by 8 U.S.C. § 1447(b)." Compl. [#3], at 6. Because Plaintiff, however, has not filed any application for naturalization pursuant to 8 U.S.C. § 1445, the Court lacks jurisdiction. *See* Defs.' Mot. to Dismiss [#7-1], Ex. A (Flores Aff.), at 1–2.

An applicant begins the naturalization process by filing with USCIS a written application, which must contain a complete and accurate Form N-400 application, criminal background information, and information reflecting he has satisfied the statutory eligibility requirements. *See generally* 8 U.S.C. § 1445(a); 8 C.F.R. §§ 316.4(a), 334.2(a). Following a background investigation, an English proficiency exam, a civics exam, and an examination under oath, USCIS will either approve or deny the application within 120 days of the interview. 8 C.F.R. §§ 316.14, 335.2–3. Here, nothing suggests Tecle completed any of the steps of the naturalization application process. On December 20, 2013, USCIS Immigration Services Officer Maria I. Flores provided a declaration

regarding the contents of the administrative file (A-file) for Tecle. Flores declared USCIS has no evidence Tecle ever applied for naturalization. Flores Aff., at 1–2.

Tecle's A-file lacks at least four items: (1) an application for naturalization with USCIS or its predecessor agency; (2) an interview for naturalization with USCIS or its predecessor agency; (3) evidence of a judicial ceremony; and (4) record of a Certificate of Naturalization from USCIS or its predecessor agency. *Id.* Accordingly, Tecle never applied for naturalization and, pursuant to Federal Rule of Civil Procedure 12(b), the Defendants' motion to dismiss must be granted.

In addition, Tecle does not present a justiciable case or controversy to invoke this Court's jurisdiction under 28 U.S.C. § 1361, where USCIS has already adjudicated his Form N-600 Application for a Certificate of Citizenship. *See* Flores Aff., at 3. Tecle filed this action on October 3, 2013. USCIS, however, denied his application for a certificate of citizenship on September 18, 2013. USCIS reissued its denial on November 5, 2013. Accordingly, no claim for mandamus properly lies with this Court where the agency has adjudicated the application and the action must be dismissed for lack of subject matter jurisdiction. *See Akinmulero v. Holder*, 347 F. App'x 58, 60 (5th Cir. 2009) (unpublished) (affirming district court's dismissal of alien's petition for writ of mandamus ordering USCIS to adjudicate application for adjustment of status under FED. R. CIV. P. 12(b)(1)).

Finally, to the extent the Court may liberally construe Tecle's complaint requesting adjudication pursuant to 8 U.S.C. § 1447(b) to be a claim arising under 8 U.S.C. § 1503(a), the Court lacks jurisdiction because Tecle failed to exhaust his administrative remedies. Generally, the exhaustion of all administrative remedies is required as a prerequisite to judicial review of any administrative action. *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979). More

specifically, the case law of the Fifth Circuit confirms 8 U.S.C. § 1503(a) requires the exhaustion of administrative remedies. *See, e.g., Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 n.4 (5th Cir. 2007) ("a person must exhaust the agency procedures" in an 8 U.S.C. § 1503(a) case).

Several other courts have also concluded exhaustion of administrative remedies is required before an 8 U.S.C. § 1503 action is instituted. *See, e.g., United States v. Breyer*, 41 F.3d 884, 891–92 (3d Cir. 1994) ("As section 1503(a) expressly requires a 'final administrative denial' before any such action may be instituted, a federal district court does not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies."); *Spaulding v. Mayorkas*, 725 F. Supp. 2d 303, 310–11 (D. Conn. 2010) (finding failure to appeal the denial of the N-600 is a failure to exhaust administrative remedies); *Manning v. Rice*, No. 4:06cv 464, 2008 WL 2008712, at *4 (E.D. Tex. May 8, 2008) (stating Congress's intent in 8 U.S.C. § 1503 was to make it so "that a non-resident, claiming to be a citizen, must first exhaust his administrative remedies"); *Dung Quoc Nguyen v. U.S. Dep't of Homeland Sec.*, No. 5:09-cv-202-DCB-JMR, 2011 WL 1499216, at *4 (S.D. Miss. Jan 21, 2011) (holding a federal district court only has jurisdiction to review a citizenship claim in a scenario where the claimant files an N-600 outside the removal context, exhausts his administrative remedies, and files for a declaratory judgment pursuant to 8 U.S.C. § 1503).

Here, Tecle failed to appeal the November 5, 2013 decision denying his N-600 application in accordance with 8 C.F.R. § 103.3(a)(2). Flores Aff., at 5. He does not contend otherwise in his complaint. Indeed, Defendants represent USCIS is currently considering Tecle's motion for reconsideration filed December 6, 2013, with the San Antonio USCIS Field Office. Accordingly, this Court must dismiss Tecle's claim for failure to exhaust his administrative remedies concerning the denial of his N-600 application.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss [#7] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Daniel Michele Tecle's Complaint [#3] against Defendants is DISMISSED WITHOUT PREJUDICE.

SIGNED this the 18th day of February 2014.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE